UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2016 OCT 31  AM 10: 09

X X X X X X X X X X X X XX X X X X X X

Jokim Drayton,                         X  No.

             Plaintiff,  **16CV 8456**

     -against -              X   COMPLAINT

City of New York, et al.,   X      (Prisoner)

                        X

             Defendant,  X  Jury Trial ☑Yes ☐No

X X X X  X X X X X  X X X X X X X X XX

## I. Jurisdiction & Venue

**1.** This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declatory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

**2.** The United States District Court for the Southern District of New York is an appropiate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occured.

-1-

## II. Plaintiff(s)

3. Plaintiff, Jokim Drayton, is and was at all times mentioned herein a prisoner of the City of New York in the custody of the New York City Department of Correction (DOC). She is currently confined in Manhattan Detention Complex, 125 White Street, New York, New York 10013.

## III. Defendants

4. Defendant, City of New York, 100 Church Street, New York, New York 10007, is the corporate entity who employs all other defendants and is legally responsible for the overall operations of the Department of Correction (DOC), it's staff and for the welfare of all the inmates in each institution under it's jurisdiction, including Manhattan Detention Complex.

5. Defendant, Warden Barnes, is the Warden of Manhattan Detention Complex. He is responsible for the operation of the facility, and for the welfare of all the inmates in the prison.

6. Defendant, Assistant Deputy Warden Ruggiero, is a Correction officer of the City of New York Department of Correction who, at all times mentioned in this complaint,

-2-

held the rank of Assistant Deputy Warden and was assigned to Manhattan Detention Complex.

7. Defendant, Assistant Deputy Warden Murria, is a Correction officer of the City of New York Department of Correction who, at all times mentioned in this complaint, held the rank of Assistant Deputy Warden and was assigned to Manhattan Detention Complex.

8. Defendant, Captain Alier, shield #182, is a Correction Officer of the City of New York Department of Correction who, at all times mentioned in this complaint, held the rank of Captain and was assigned to Manhattan Detention Complex.

9. Defendant, Captain Harper, is a Correction officer of the City of New York Department of Correction who, at all times mentioned in this complaint, held the rank of Captain and was assigned to Manhattan Detention Complex.

10. Defendant, C.O. Acevado, shield # 18495, is a Correction officer of the City of New York Department of Correction who, at all times

mentioned in this complaint, was assigned to Manhattan Detention Complex.

11. Defendant, Correction Officer Koh, is a Correction Officer of the City of New York Department of Correction who, at all times mentioned in this complaint, was assigned to Manhattan Detention Complex.

12. Defendant, Correction Officer Jane Doe #1, who worked the 7am-3pm shift in the 7west housing area on 9-5-2016 in the M.D.C., is a Correction Officer of the City of New York Department of Correction who, at all times mentioned in this complaint, was assigned to Manhattan Detention Complex.

13. Defendant, Correction Officer Jane Doe #2, who worked the medication escort officer position for 7 West on 9-5-2016, during the 3pm-11pm shift, is a Correction Officer of the City of New York Department of Correction who, at all times mentioned in this complaint, was assigned to Manhattan Detention Complex.

14. Each defendant is sued individually and in his [or her] official Capacity. At all times mentioned

in this complaint each defendant acted under the color of State law.

## IV. Facts

15. On September 4, 2016, Plaintiff, Jokim Drayton, a transgender woman, was physically and sexually assaulted by another inmate in the 7 West (G.P.E.) housing area of the Manhattan Detention Complex.

16. Defendant, Correction Officer Koh, was the 7 west housing area floor officer on duty September 4, 2016 when Plaintiff, Drayton was slapped twice in the face by another inmate. Defendant, Koh did nothing to ensure the safety of plaintiff. No incident report was written nor was an area supervisor notified. Plaintiff, Drayton requested medical attention but was told to lock in by officer Koh. Plaintiff's tooth was knocked out of her mouth, causing both pain and bleeding. The denial of medical care and the deliberate indifference displayed by officer Koh intensified Plaintiff Drayton's fear and made her feel unsafe because officer Koh had failed to protect her from an inmate known by each of the defendants to be a violent and problematic inmate.

-5-

17. On September 5, 2016 Plaintiff was confined in her cell from 5am-3pm due to threats of sexual violence, transphobic slurs and unwarranted solicitations for sex by her attacker. She was being sexually harassed and her life was being threatened in front of the entire housing area including officer Jane Doe #1 who not only witnessed the sexual assault on plaintiff but, laughed and entertained the psychological abuse as though Ms. Drayton deserved to be under duress in her cell for being a transgender woman. No area supervisor was notified even though Defendant, Jane Doe #1, was aware that plaintiff faced a substantial risk of serious harm.

18. On September 5, 2016 during the 3pm-11pm shift in the 7 west housing area of the Manhattan Detention Complex, Plaintiff's attacker was cooking in the pantry area (which is unauthorized conduct), when the medication arrived. Medication is usually done in the pantry area but, Plaintiff's attacker refused to allow the nurse and medication officer, Defendant, Jane Doe #2, entrance to the pantry area thus, forcing the nurse to leave the unit without providing inmates,

including plaintiff, their medication. Defendant, Jane Doe #2, did nothing to ensure that the inmates, including plaintiff, were afforded their medication. No area supervisor was notified. The nurse signed the 7 west Logbook stating that the 7 west housing area had refused medication. This denial of medical care by the defendant caused distress and confusion. Plaintiff needed her hormone medication. Jane Doe #2 did not care about plaintiff's health.

19. On September 5, 2016, during the chaos revolving around being denied medication, Plaintiff was given a note by a fellow transgender woman advising her to take the opportunity to escape the housing area and her attacker by going to the clinic and refusing to be escorted back to the unit because, at the moment plaintiff's attacker was busy cooking in the pantry area. When the escort arrived Ms. Drayton took advantage of the opportunity and went to the facility Clinic.

20. On September 5, 2016 while in the M.D.C clinic, Plaintiff notified Correction Officer Eguagie, who was assigned to the clinic, about her situation. Plaintiff requested both medical

treatment for the injury to her tooth and a inmate voluntary statement form, so, that she could be removed from 7west and rehoused in the Transgender Housing Unit (4West). C.O. Equagie did not notify any medical staff about the injury but, he did notify Defendants, Ruggiero and Alier of plaintiff's situation and provided plaintiff an inmate voluntary statement form.

21. On September 5, 2016 Defendants, Ruggiero and Alier came to investigate plaintiff's claims. Defendant, Captain Alier was ordered to take plaintiff's voluntary statement to it's designated area for processing and filing, while defendant, Assistant Deputy Warden Ruggiero attempted to resolve the issue. Defendant, Ruggiero seemed concerned and willing to assist plaintiff until he was told who the plaintiff's attacker was. He admitted to both having a problem with the inmate and NOT being able to do anything about transferring him, nor punishing him for his criminal behavior. Defendant Ruggiero's response was verbatim, "Yeah, I know. We've been having alot of problems with this kid but, there is nothing we can do. We've been trying to move him to

a jail in another county. I don't know. You may have to go back to your house." Defendant, Alier came back to echo defendant Ruggiero's sentiments, which left plaintiff feeling upset, uncomfortable, unsafe, vulnerable and hopeless. Plaintiff was panicking.

22. On September 5, 2016 after being interviewed by defendants Ruggiero and Alier, Plaintiff, Drayton, was sent to the M.D.C. facility intake area and was then seen by defendants, Assistant Deputy Warden Murria and Captain Harper who, was at the time of the incident, 7 west's area supervisor. Plaintiff was told by both defendant Murria and Harper that they could not do anything about transferring her attacker and she should not be trying to have sex with everybody which, not only insulted and humiliated her but, made her fearful that she may not be able to escape her attacker. Defendant, Captain Harper said that she would go and investigate the incident. Plaintiff was given a second voluntary statement form and a Transgender Housing Unit Application.

23. On September 5, 2016, about an hour after being interviewed by defendants Murria and Harper, they return to the intake pen plaintiff was being

held to tell her that they had personally spoken to her attacker and, that she was obviously lying about him and she needed to stop the fake "gay victim thing" and to "man up" and be a "man about it" which both disrespected and discriminated against plaintiff's gender-identity but also violated her confidence, in telling her attacker that she had complained about him. This made plaintiff very afraid and she started to become hysterical and emotional.

24. On September 6, 2016 around or about **10:30pm** (after the **9:00pm** institutional lock-in) Defendant, Acevado, shield #18495 came to plaintiff's holding pen and opened it saying that he was ordered to escort her back to her housing unit. When plaintiff protested and tried to explain her situation, defendant Acevado ordered plaintiff out of the pen. He told her that she had to go back because the captain told him she had to. Plaintiff inquired about the investigation regarding her claims and the two inmate voluntary statement forms and whether they were processed or not. Defendant Acevado states verbatim "I guess they denied your request. All I know is you can't sleep in intake". Plaintiff tells C.O. Acevado

-10-

how she's afraid that the house would not be locked-in and that she might get attacked and, C.O. Acevado assured her that all of the inmates were locked-in, including her her attacker and, someone would come to get her at 5:00 am to bring her back to intake safely. So, plaintiff complied with C.O. Acevado despite her knowing how numerous inmates, especially her attacker, NEVER lock-in at 9:00 pm in the 7 west housing unit. Ms. Drayton informed C.O. Acevado of this fact but, he insisted on escorting her back to 7 west.

25. When Defendant, Acevado escorted plaintiff back to the 7 west housing area, a great number of inmates, including plaintiff's attacker were locked out of their cells. Defendant, Koh was the floor officer on duty and he knew that there were no reasons to justify having over 10 inmates locked out of their cells after the 9:00 pm lock-in. Defendant, Acevado called for a De-Escalation team to assist him in locking the inmates in. By this time plaintiff was frozen in shock and fear. Her attacker, and other inmates, were calling her a "snitch" and threatening her life. Defendant, Acevado still tried to lock her in the unit, but plaintiff refused, grabbed her already packed

-11-

property bag and asked to be escorted back to the intake area.

26. On September 7, 2016, Plaintiff, was re-housed in the Transgender Housing Unit without any further incident. She has since been seen by D.O.C's investigation department and a facility doctor for the injury to her mouth. Plaintiff is planning to request from the court, a preliminary injunction ordering defendants' employer City of New York Department of Correction, to transfer plaintiff's attacker to any other facility or anywhere within the facility where the two inmates would not cross paths (like an opposite tower), because plaintiff is unable to attend the Law Library. Plaintiff's attacker is in the 7 West housing area and the Law Library is on the 7th floor in the mini-center connected to 7 West. Her attacker knows she's in 4 West and has been sending death ████ threats to her and says that she has to "go to Law Library, Legal Aid, and Social Services". This is a very serious issue because plaintiff needs to have access to the courts. Fear of being assaulted and battered is keeping plaintiff from attending the services described above.

## V. Exhaustion of legal remedies

27. Plaintiff, Jokim Drayton used the prisoner grievance procedure available at M.D.C. to try and solve the problem. On September 9, 2016 plaintiff presented the facts relating to this complaint. She has yet to see anyone regarding her claims.

## VI. Legal Claims

28. Plaintiff realleges and incorporates by reference paragraphs 1-27.

29. The deliberate indifference to plaintiff's safety, the unsafe conditions, and the intentional infliction of emotional distress violated plaintiff Jokim Drayton's rights and constituted cruel and unusual punishment under the Eighth Amendment, and a Due process violation under the Fourteenth Amendment to the United States Constitution.

30. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declatory and injunctive relief which plaintiff seeks.

## VII. Prayer for Relief

Wherefore, plaintiff respectfully prays that this court grants plaintiff:

-13-

31. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

32. A preliminary and permanent injunction ordering defendants to transfer plaintiffs alleged attacker.

33. Compensatory damages in the amount of $3,500,000 (Three Million Five Hundred Thousand U.S. Dollars) against each defendant jointly and severally.

34. Punitive damages in the amount of $100,000 (one Hundred Thousand U.S. Dollars) against each defendant.

35. A jury trial on all issues triable by jury

36. Plaintiff's costs in this suit.

37. Any additional relief this court deems just, proper, and equitable.

Dated: 9-26-2016

Respectfully submitted,
Jokim Drayton
3491600650
Manhattan Detention Complex
125 White Street, New York, NY 10013

- 14 -

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty that the foregoing is true and correct.

Executed at New York, New York on Sept. 26, 2016

x _Jokim Drayton_

Jokim Drayton   Pro Se

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

9/26/16
**Dated**

Jokim Drayton
**Plaintiff's Signature**

Jokim
**First Name**

**Middle Initial**

Drayton
**Last Name**

125 WHite street
**Prison Address**

New York
**County, City**

N.Y.
**State**

10013
**Zip Code**

Date on which I am delivering this complaint to prison authorities for mailing: 9/27/16

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

xxxxxxxxxxxxxxxxxxxxxxxx

Jokim Drayton,                              x

               Plaintiff,      x   (Prisoner)

     - against -                     x   **AFFIDAVIT**

                        x   Civil Action No.

City of New York, et al.,            x

            Defendant,   x

xxxxxxxxxxxxxxxxxxxxxxxx

## AFFIDAVIT OF
## Jokim U. Drayton.

I, Jokim U. Drayton, being duly sworn according to the law depose and say that I am the Plaintiff in the above entitled proceeding.

## ALSO,

1. THAT, On 9-4-2016, I, Jokim Drayton, an African-American transgender woman, was both physically and sexually assaulted by an inmate named Stafford, Berrian in the 7 West housing area because of my feminine appearance, my reputation as a homosexual, and for excercising my right to be free from physical assault, sexual violence and harassment.

2. THAT, On 9-4-2016, I reported that I had been assaulted to Corrections Officer Koh #13306, who did nothing to notify any area

-1-

Supervisor and failed to protect me from my attacker.

3. THAT, On 9-4-2016 and 9-5-2016 to the present the defendants were deliberately indifferent and became a part of the problem, 'looking the other way' when the violence happened and directly abusing me through humiliation, verbal harassment and reckless disregard. The defendants are all liable for their unconstitutional conduct, which violated my federally-protected rights against sexual assault, rape, and discrimination.

4. THAT, On 9-4-2016 and 9-5-2016 to the present the defendants knew I was at a risk of serious harm based on my feminine appearance, reputation as a homosexual, and a documented history of attacks and harassment against me while in the custody of the City of New York Department of Correction. (DOC)

5. THAT, Since the signing of my complaint, I have received additional information regarding the identity of a defendant who has not yet been served. Specifically, defendant "Acevado" with a shield number "18495" should be changed

to "Acevedo" with shield number "18495". The allegations in the complaint remain the same as to all defendants; the allegations formerly against defendant Acevado are deemed against defendant Acevedo with shield number 18495.

6. THAT, as an African-American, I have been irreparably injured by Mass incarceration, bigotry, social injustice, eugenics, gentrification, Controlled language, the breaking process of the African Woman, exploitation, Anglo Saxon ideas and methods of insuring the master/slave relationship, and the scientific process of man-breaking and Slave making.

7. THAT, as a Transgender woman, I face specific and unique difficulty in prison and jail due to ignorance, discrimination, and violence from guards and other prisoners.

8. THAT, the Civil Rights Act of 1871 ("Section 1983") is the law that allows me to bring lawsuits that challenge state or local prison conditions that violate my constitutional or federal statutory rights, and was designed especially to help African-Americans, like myself.

9. THAT, all of the information I have submitted in support of Plaintiff's case is true and correct.

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Jokím Drayton v. City of NEW YORK, et al.,

AFFIDAVIT
CIV. NO. _____

x *Jokím Drayton*
JOKÍM DRAYTON

Sworn to before me this

5 day of OCTOBER, 2016

x _(signature)_

NOTARY PUBLIC

COMMISSIONER OF DEEDS
CITY OF NEW YORK NO.2-17035
G. FRANGELL, JR.
NEW YORK, N.Y. COUNTY
11-12

— 4 —



**United States District Court**
**Southern District of New York**

## A Manual for Litigants Appearing Pro Se Before the United States District Court for the Southern District of New York

The Manual for Pro Se Litigants is available on the Court's website at http://nysd.uscourts.gov/ under Forms/Pro Se. The Manual is in PDF format (you will need Adobe Acrobat or another PDF reader to open it). We strongly recommend that *pro se* (self-represented) litigants who have access to the Internet use the Manual that is available on the Court's website, because the electronic version:

- is organized to help you find what is important to your case at each stage in the litigation;

- is searchable by text or words;

- contains links to the Court's official forms, which can be filled out electronically and then printed for filing;

- is environmentally responsible and cost-efficient, so we can use our limited resources to improve our other services to the public.

If you are not able to use the online is version of the Manual, and if you have been granted *in forma pauperis* (IFP) status, you may request *one* free copy of it.[1] If you do not have IFP status, or if you have already received a copy, you must pay $15.00. To request a free copy, you must return this document.

Drayton    U    Jokim
Name (Last, First, MI)

125 White Street    New York    N.Y.    10013
Address            City        State        Zip Code

_____    _____
Telephone Number                e-mail address

9/26/16                    Jokim Drayton
Date                        Signature

---

[1] Litigants who are bringing *habeas corpus* petitions or social security cases, or whose cases have been dismissed or transferred, are not entitled to a free Manual.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

PRO SE INTAKE UNIT: 212-805-0175

Rev. 3/17/15

Jokim Drayton (3491600650)
125 White Street (M.D.C.)
New York, N.Y. 10013  4/W



CERTIFIED MAIL.

7006 1140 0

U.S. POSTAGE
PAID
NEW YORK, NY
10013
OCT 26 16
AMOUNT
**$9.25**
R2304H109176-20

FIRST CLASS

USM P3
SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK (Pro Se OFFICE)
U.S. Courthouse - 500 Pearl Street
New York, NY 10007

RECEIVED
SDNY PRO SE OFFICE
2016 OCT 31 AM 10: 10

LEGAL MAIL